**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

No. 11-51054
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO RODRIGUEZ-RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-496-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sergio Rodriguez-Rios (Rodriguez) appeals the 60-month within-guidelines sentence he received following his guilty plea to illegal reentry. Rodriguez argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe because the district court failed to consider that his reentry offense was at bottom a mere trespass, did not consider his benign motives for returning to the United States, and did not consider that it was his first illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry offense.  He further contends that his sentence is not entitled to a presumption of correctness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically based, given that it double-counts a defendant's criminal history.

Conceding that he failed to object in the district court, Rodriguez asserts that plain error review should not apply because no objection is required to preserve the issue of the substantive reasonableness of a sentence.  He acknowledges, however, that the issue is foreclosed, and he raises it to preserve the issue for further review.  We have held that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Even if we reviewed for an abuse of discretion, his arguments are unavailing.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing a substantive reasonableness of a sentence for an abuse of discretion).

As he concedes, Rodriguez's empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). We have rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681 683 (5th Cir. 2006).  Furthermore, Rodriguez's sentence, which is at the low end of the applicable guidelines range, is presumed reasonable.  *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).  His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Rodriguez has not demonstrated that the district court erred, much less plainly erred, by sentencing him to a within-guidelines sentence of 60 months

in prison.  *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92.  Consequently, the judgment of the district court is AFFIRMED.